UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                      :

REGINAL SINGLETON,             :        03 CV 561 (ARR)
             Petitioner,    :

                      :        NOT FOR ELECTRONIC
  -against-               :        OR PRINT
                      :        PUBLICATION

GEORGE DUNCAN,             :
Superintendent, Great Meadow Correctional Facility,   :        OPINION
             Respondent.    :        AND ORDER
                      :
------------------------------------------------------------------ X

ROSS, United States District Judge:

       Petitioner Reginal Singleton filed the instant petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 on November 1, 2002.[1] Upon consent of the parties, this habeas corpus

proceeding was stayed on May 23, 2003 so that petitioner could exhaust his ineffective assistance

of appellate counsel claim in state court. On October 22, 2004, petitioner filed an amended

petition for writ of habeas corpus. Petitioner presents the following claims:

    (1) his right to due process of law was violated by the state's allegedly unconstitutional
        conflation of depraved-indifference murder and reckless manslaughter;

    (2) his right to due process of law was violated by the prosecution's failure to prove
        beyond a reasonable doubt that he acted in concert with his co-defendant;

    (3) his rights to due process and the equal protection of the law were violated by the trial
        court's failure to charge the jury with lesser included offenses;

_____

    [1]Mr. Singleton's petition for writ of habeas corpus was dated November 1, 2002.
Unfortunately, the original petition sent by Mr. Singleton was not received by the court. After
writing to inquire about the status of his petition, Mr. Singleton submitted a copy of his original
petition, which was filed with the court on January 30, 2003.

1

(4) his rights to due process and effective assistance of counsel were violated by defense counsel's failure to properly raise and adequately object to:

    (a) the failure of prosecution to prove every essential element of the charged crime beyond a reasonable doubt, and

    (b) the failure of trial court to submit the lesser included offenses which were supported by a reasonable view of the evidence; and

(5) his rights to due process and effective assistance of counsel were violated by appellate counsel's failure to brief two issues which, if they had been briefed, allegedly would have required a reversal of the judgment of conviction:

    (a) the conflation of depraved indifference murder and reckless manslaughter under New York state law violated petitioner's right to due process of law, and

    (b) petitioner's right to due process of law and effective assistance of counsel were violated by trial counsel's failure to properly raise and adequately object to

        (i) the legal insufficiency of the evidence, and

        (ii) the trial court's failure to instruct the jury on the lesser included offenses.

For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

Petitioner was charged with three counts of murder in the second degree under N.Y. Penal Law §§ 125.25 [(1) intentional murder, (2) depraved indifference murder, and (3) felony-murder]; two counts of attempted robbery in the first degree under N.Y. Penal Law §§ 110/160.15(1),(4); attempted robbery in the second degree under N.Y. Penal Law § 110/160.10(2); and criminal possession of a weapon in the fourth degree under N.Y. Penal Law §§ 265.01(2). Queens County Indictment No. 5479/94. Following a jury trial before Justice Thomas A. Demakos in the Supreme Court of New York for the County of Queens, petitioner was convicted of murder in the second degree on May 15, 1997. On June 26, 1997, petitioner was sentenced to an indeterminate prison term of twenty-five years to life. Specifically,

petitioner was convicted of depraved indifference murder on the basis of the fact that he shared a community of purpose with and aided his co-defendant by supplying his co-defendant with a loaded semi-automatic rifle, accompanying his co-defendant on a hunt for robbery victims, releasing the rifle's safety for his co-defendant after his co-defendant confronted the victim, waiting for his co-defendant while the co-defendant shot the victim, walking back to his apartment with his co-defendant, and concealing the murder weapon.

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that (a) the evidence was legally insufficient to prove beyond a reasonable doubt that petitioner acted in concert with his co-defendant to intentionally fire the gun at the victim and (b) the trial court denied petitioner a fair trial when it refused to submit to the jury criminally negligent homicide and second-degree manslaughter as lesser included offenses of second-degree murder. On May 22, 2000, the Appellate Division, Second Department affirmed petitioner's judgment of conviction. People v. Singleton, 708 N.Y.S.2d 880 (N.Y. App. Div., 2d Dept. 2000). The Appellate Division held that defendant's claim about legal insufficiency of the evidence was unpreserved for appellate review and that, in any event, the evidence was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Id. Additionally, the Appellate Division rejected on the merits defendant's contention that the trial court erred in failing to charge second-degree manslaughter and criminally negligent homicide as lesser-included offenses of depraved indifference murder, finding that no reasonable view of the evidence would support the conclusion that defendant committed either of the lesser offenses but not the greater. Id.

On July 12, 2000, petitioner sought leave to appeal to the New York State Court of Appeals on both of the grounds presented to the Appellate Division. The Court of Appeals

3

denied petitioner's application for leave to appeal on December 20, 2000, in a decision without a published opinion. People v. Singleton, 95 N.Y.2d 969 (N.Y. 2000).

On July 18, 2000, petitioner moved for reargument and reconsideration of the May 22, 2000 decision and order of the Appellate Division, Second Department affirming his conviction. In this motion, petitioner re-submitted the two main claims presented on appeal. First, he reiterated his claim that the evidence was "legally insufficient," because the government failed to prove beyond a reasonable doubt that appellant, as an accomplice, acted with the appropriate mens rea to commit depraved indifference murder. He alleged that, contrary to the decision of the Appellate Division, this claim was adequately preserved for consideration on appeal because trial counsel (a) attempted to make this argument but was interrupted by the court, which prevented counsel from laying out his argument "in toto" and (b) renewed his motion to dismiss the sole count left in the indictment due to legal insufficiency of the evidence immediately prior to sentencing. Second, petitioner alleged that the trial court erroneously refused to submit the charges of manslaughter in the second degree and criminally negligent homicide to the jury, despite the fact that there was a reasonable view of the evidence to support both charges. Petitioner's motion was denied without explanation on October 12, 2000. Decision & Order on Motion, People v. Singleton, Ind. Nos. 4832/90, 1197/91, and 5479/94 (N.Y. App. Div., 2d Dept., Oct. 12, 2000).

Petitioner filed a Motion to Vacate Judgment pursuant to CPL § 440.10 with the Supreme Court for the State of New York, Queens County on April 30, 2001, and amended his motion on June 11, 2001. Petitioner's Motion to Vacate Judgment was based upon the following claims:

4

1.  material evidence produced at trial was procured in violation of petitioner's constitutional rights, specifically through a pretextual arrest, warrantless and therefore illegal search and seizure, and statements coerced through physical force during custodial interrogation;

2.  petitioner was deprived of effective assistance of trial and pre-trial counsel;

3.  a "misrepresentation of material facts" was presented to the jury; and

4.  there was a conspiracy by those empowered to enforce the law which resulted in the violation of petitioner's rights.

Judge Joseph Rosenzweig denied petitioner's motion on June 29, 2001 in a memorandum

opinion. People v. Singleton, Ind. No. 5479/94 (N.Y. Sup. Ct., June 29, 2001). Citing CPL §

440.10[2][c], Judge Rosenzweig found that petitioner was procedurally barred from raising

claims about the constitutionality of his arrest, the search of his home, and his custodial

statements because he failed to raise those issues in his direct appeal. Id. at 3. Judge

Rosenzweig concluded that petitioner's ineffective assistance of counsel claims were also barred

under CPL § 440.10[2][c]. Id. Petitioner's claims regarding ineffective assistance of counsel

could have been raised on direct appeal since they all pertained to matters of record; petitioner's

failure to raise them in his direct appeal prevents him from raising them in a collateral attack.

Judge Rosenzweig noted that, even if the ineffective assistance of counsel claims had not been

procedurally barred, he would have rejected them on the merits because "the evidence, the law,

and the circumstances of this case, when viewed together at the time of representation,

conclusively reveal that the defendant was provided with meaningful representation of counsel at

both pretrial and at trial levels." Id. at 4. Finally, Judge Rosenzweig concluded that the final two

grounds asserted by petitioner – that a misrepresentation of facts was presented to the jury and

that there was a conspiracy to circumvent the defendant's rights – were without merit. Id. at 5.

5

Judge Rosenzweig also denied petitioner's motion for a hearing pursuant to CPL § 440.30(5). Id.

Petitioner applied for a certificate granting leave to appeal the denial of his CPL § 440.10 Motion to Vacate Judgment on July 12, 2001. Associate Justice Anita R. Florio of the Appellate Division, Second Department denied petitioner's application without explanation on November 21, 2001. Decision & Order on Application, People v. Singleton, Ind. No. 5479/94 (N.Y. App. Div., 2d Dept., Nov. 21, 2001).

On November 1, 2002, petitioner filed a petition for writ of habeas corpus with this court. On March 7, 2003, petitioner moved for a stay of his petition for writ of habeas corpus in order to exhaust two claims in state court via a motion to vacate judgment. Specifically, petitioner sought to exhaust a challenge to the constitutionality of the depraved indifference murder statute. This court denied petitioner's request for a stay on April 28, 2003 because the ground petitioner was seeking to exhaust was procedurally barred. On May 2, 2003, petitioner requested a stay in order to exhaust an ineffective assistance of appellate counsel claim. On May 22, 2003, upon consent of the parties, the instant habeas proceeding was stayed so petitioner could exhaust his ineffective assistance of counsel claim in state court.

Petitioner filed a motion for writ of error coram nobis with the Appellate Division, Second Judicial Department on May 8, 2003. In this motion, petitioner claimed that he was denied effective assistance of appellate counsel because his appellate counsel failed to brief "two obvious and meritorious errors which violated appellant's constitutional rights and would have, if raised in the brief, required a reversal of the judgment of conviction by this Court." Singleton Affidavit in Support of Motion for Writ of Error Coram Nobis, People v. Singleton, Ind. No. 5479/94, May 8, 2003. Specifically, petitioner alleged that his appellate counsel was ineffective

6

because she failed to brief (1) the claim that petitioner's due process rights were violated by the conflation of "depraved indifference" murder and reckless manslaughter in New York state law, and (2) the claim that petitioner's Sixth Amendment rights were violated by ineffective assistance of trial counsel, based upon the failure of trial counsel to properly raise and adequately object to (a) the failure of the prosecution to prove every essential element of the crime charged beyond a reasonable doubt and (b) the failure of the trial court to submit to the jury the lesser included offenses which were supported by a reasonable view of the evidence. Id.

The Appellate Division, Second Judicial Department denied petitioner's application for writ of error coram nobis on September 15, 2003, stating that petitioner failed to establish that he was denied the effective assistance of appellate counsel. Decision & Order, People v. Singleton, Ind. Nos. 4832/90, 1197/91, and 5479/94 (N.Y. App. Div., 2d Dept., Sept. 15, 2003). Petitioner was notified of this denial on June 28, 2004, and filed an application for leave to appeal the denial of writ of error coram nobis on July 22, 2004. Application for Leave to Appeal, People v. Singleton, App. Div. 1997-07068, 98-01102, and 98-05329, July 22, 2004. On September 15, 2004, Associate Judge Albert M. Rosenblatt of the New York Court of Appeals denied permission to appeal, stating that there was no question of law presented which ought to be reviewed by the Court of Appeals. Certificate Denying Leave, People v. Singleton, Ind. No. 5479-94 (N.Y., Sept. 15, 2004).

On October 12, 2004, within thirty days of the denial of permission to appeal the denial of his coram nobis petition to the New York Court of Appeals, petitioner filed his amended petition for writ of habeas corpus with this court.

**DISCUSSION**

I.     Standards of Review

        A. *State Adjudication on the Merits:  AEDPA Standard of Review*

        The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996,

established a deferential standard that federal habeas courts must apply when reviewing state

court convictions.  28 U.S.C. § 2254(d).  The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

"[C]learly established Federal law, as determined by the Supreme Court of the United States"

"refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time

of the relevant state-court decision."  Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state

court decision is "contrary to" clearly established Supreme Court precedent if "the state court

applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of

facts that are materially indistinguishable from a decision of th[e] Supreme Court and

nevertheless arrives at a result different from that precedent."  Id. at 405-06.  With respect to the

"unreasonable application" clause, "a federal habeas court...should ask whether the state court's

application of clearly established federal law was objectively reasonable."  Id. at 409.  In

determining whether an application was objectively unreasonable, "the most important point is

that an unreasonable application of federal law is different from an incorrect application of

federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required...the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)); see also DeBerry v. Portuondo, 403 F.3d 57, 66-67 (2d Cir. 2005); Miranda v. Bennett, 322 F.3d 171, 178 (2d Cir. 2003). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)).

*B. Adequate and Independent State Procedural Ground: Standard of Review*

Federal courts may not review state court decisions that rest on an adequate and independent state procedural default which is firmly established and regularly followed by the state courts. See James v. Kentucky, 466 U.S. 341, 348-49 (1984); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). In order for federal review to be procedurally barred, the state court's reliance on state law must be "clear from the face of the opinion." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (internal quotation marks and citation omitted). The Second Circuit held in Fama that where the state court uses language such as "the defendant's remaining contentions are either unpreserved for appellate review or without merit" the claim is subject to federal review. Id. at 810-11. The court's decision in Fama did not overturn prior rulings, however, that a state court decision constitutes a procedural default where the court stated that a claim was "not preserved for appellate review" before ruling "in any event" on the merits. Id. at 810 n.4.

Where a state court rules against a petitioner on procedural grounds, the petitioner faces a "procedural default" precluding federal habeas review. A procedural default may be excused by a federal court, however, if the petitioner demonstrates either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). In addition to cause, to excuse procedural default, a petitioner must establish prejudice. "To satisfy the prejudice prong, petitioner must show not merely a

10

possibility of prejudice, but that the alleged error worked to his actual and substantial disadvantage." Cappiello v. Hoke, 698 F. Supp. 1042, 1052 (E.D.N.Y. 1988) (internal quotation marks and citation omitted). A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation marks and citations omitted).

III.     Petitioner's Claims

A.     *Conflation of Depraved Indifference Murder and Reckless Manslaughter*

Petitioner claims that he was deprived of due process of law due to "the State's unconstitutional conflation of 'Depraved Indifference' murder and 'Reckless' manslaughter. Amended Petition, at 5, 9. Specifically, petitioner objects to the "razor-thin distinction between 'substantial' and 'grave'" risks of death. Id. at 9. Petitioner appears to be claiming that the state law is unconstitutionally vague because depraved indifference murder and reckless manslaughter are differentiated, not by the defendant's mens rea, but rather by whether the defendant's conduct created a substantial risk of death (reckless manslaughter) or a grave risk of death (depraved indifference murder). Id. This court may not review petitioner's claim that the New York state law is unconstitutional, because it is procedurally defaulted, and petitioner has failed to

11

demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims.

This claim is unexhausted, because petitioner failed to properly raise it on direct appeal to the Appellate Division and in his leave application to the New York Court of Appeals. Because a petitioner is entitled to only one request for leave, petitioner has forfeited his right to raise his claim regarding the constitutionality of the New York depraved indifference murder statute on appeal to the New York Court of Appeals. See N.Y. Ct. Rules § 500.10(a); Spence v. Superintendent, 219 F.3d 162, 169-70 (2d Cir. 2000). And, since this claim could have been raised on direct appeal, petitioner will not be able to raise it in a collateral proceeding. See N.Y. Crim. Proc. Law § 440.10(2)(c) (barring review if claim could have been raised on direct review).

If there is no available state forum in which to pursue a state remedy because of a state procedural bar, the unexhausted claim may be deemed forfeited. Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Petitioner is therefore procedurally barred from obtaining federal habeas review of this claim unless he can show cause for the default and prejudicial effect, or that this court's failure to review his claim will result in a fundamental miscarriage of justice. See Fama, 235 F.3d at 809. In the instant case, petitioner has neither demonstrated cause for the procedural default and prejudice nor alleged that he is "actually innocent."

A petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

12

Murray, 477 U.S. at 488. Here, petitioner claims that cause is demonstrated by his allegations –

both in his coram nobis petition and on habeas review – that his appellate counsel was ineffective

for her failure to raise this issue in petitioner's direct appeal. Petitioner's Traverse, p.38-42. A

claim of ineffective assistance of counsel may establish cause for a procedural default. See, e.g.,

Edwards v. Carpenter, 529 U.S. 446, 451 (2000); McCleskey v. Zant, 499 U.S. 467, 494 (1991).

To claim that attorney error excuses a procedural default, a habeas petitioner must either have

properly presented and exhausted an ineffective assistance of counsel claim in the state courts or,

if the ineffective assistance of counsel claim is itself procedurally barred, separately show that

there is "cause" excusing said procedural default as well as prejudice resulting from the error.

See Edwards, 529 U.S. at 453. In this case, petitioner did not claim on his direct appeal that his

trial counsel had been ineffective due to failure to present this claim. Although petitioner's

additional claim of ineffective assistance of appellate counsel could conceivably show "cause"

excusing this procedural default, this court finds petitioner's claims of ineffective assistance of

appellate counsel – including his claim that appellate counsel was ineffective for failing to raise

this issue – to be without merit as discussed below. See infra, Section III(E). This court

therefore concludes that petitioner has not shown cause for his procedural default. Since

petitioner has not shown cause for the default, this court does not need to evaluate whether he

was prejudiced by the default.[2]

---

[2] Although, due to the lack of cause, the court does not need to consider whether
petitioner was prejudiced by this default, we note that the alleged error probably did not work to
petitioner's "actual and substantial disadvantage" because, based on the New York State Court of
Appeals precedent existing at the time of his direct appeal, petitioner's claim is without merit.
Cappiello, 698 F. Supp. at 1052. At the time of petitioner's appeal, the New York Court of
Appeals had considered and rejected challenges to the vagueness of the depraved indifference
murder statute. People v. Cole, 85 N.Y.2d 990, 992 (1995) (finding that the depraved

13

Second, petitioner has not argued that failure to hear his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 752. The Supreme Court has stated that a miscarriage of justice occurs in an "extraordinary" case as where a constitutional violation has "probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 322-24. Petitioner has not presented any new evidence; "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup, 513 U.S. at 324)). Nor has the petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of the trial itself, such as violation of the right against double jeopardy. See Washington v. James, 996 F.2d 1442, 1450 (2d Cir. 1993).

Since petitioner can show neither cause for the procedural default and resulting prejudice, nor that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, petitioner's claim that the conflation of depraved indifference murder and reckless manslaughter under New York state law shall be dismissed without reaching the merits. See Grey v. Hoke, 933 F.2d at 121.

---

indifference murder statute was not unconstitutionally vague because (1) "conduct with 'depraved indifference' to 'human life'... is the kind of [conduct] which has been rather well understood" and (2) the statute specifically delineates the types and levels of risks that are to be avoided).

Petitioner alleges that his claim is slightly different than unconstitutional vagueness; his argument, he says, is that there is an "unconstitutional disparity in punishment resulting from the State's conflation of depraved indifference murder with reckless manslaughter." Petitioner's Traverse, at 39. However, the New York Court of Appeals specifically addressed and rejected the issue that petitioner raises: "[T]he differential treatment of those who intentionally set out to injure but cause death (see, Penal Law § 125.20 [1]) and those who recklessly cause death while acting under 'circumstances evincing a depraved indifference to human life' does not violate any substantive due process or equal protection rights." People v. Cole, 85 N.Y.2d at 992. Given this precedent, the procedural default is unlikely to have prejudiced petitioner.

14

*B.     Legal Insufficiency of the Evidence*

Petitioner claims that the evidence presented at trial was legally insufficient to prove his guilt of second-degree murder beyond a reasonable doubt, thus violating his due process rights under the Fourteenth Amendment. Specifically, petitioner contends that the prosecution failed to prove that petitioner had the mental culpability required to be guilty of depraved indifference murder, since the evidence did not prove that petitioner acted in concert with his co-defendant. This court may not review petitioner's claim of legal insufficiency of the evidence because it is procedurally defaulted, and petitioner has failed to demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims.

Petitioner presented his claims of legal insufficiency of the evidence to the Appellate Division, Second Department. Citing New York Criminal Procedure Law § 470.05(2), the Appellate Division ruled that petitioner's "contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review." People v. Singleton, 708 N.Y.S.2d at 880. The court went on to state that "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt." People v. Singleton, 708 N.Y.S.2d at 880. Under Fama, however, the state court's ruling constitutes a clear and unambiguous reliance on the procedural violation as a basis for its decision. See 235 F.3d at 810 n.4. As the government argued in their opposition to petitioner's appeal, petitioner failed to challenge the sufficiency of the evidence in support of the depraved indifference murder at the close of the evidence in his trial. Brief for Respondent, People v. Singleton, 14 (Jan. 24, 2000). Although

15

petitioner argued at length about the sufficiency of the attempted robbery and intentional murder counts, no specific argument was made with regard to the depraved indifference count. Id.

The procedural bar doctrine precludes habeas review only when the state procedural ground is firmly established and regularly followed by the state courts. See James v. Kentucky, 466 U.S. at 348-49. As the Second Circuit has recognized, New York's contemporaneous objection rule is firmly established and regularly followed by state courts. See Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999). New York's contemporaneous objection rule requires both that an objection be lodged at the time of the ruling or "at any subsequent time when the court had an opportunity of effectively changing the same .... [and] is sufficient if the party made his position with respect to the ruling or instruction known to the court." N.Y.Crim. Proc. Law § 470.05(2). Under state law, timeliness as well as specificity are required for the preservation of claims of error. See People v. Gray, 86 N.Y.2d 10 (1995) (holding that even where a motion to dismiss for insufficient evidence is made, the preservation rule requires that the objection be directed specifically at the alleged error); People v. Bynum, 70 N.Y.2d 858 (1987) (finding general motion to dismiss at close of evidence insufficient to preserve claim regarding establishment of particular element of crime). In this case, the Appellate Division, in reliance on New York Criminal Procedure Law § 470.05(2), held that defendant had similarly failed to preserve his legal sufficiency claim for appellate review. Petitioner is thus procedurally defaulted from seeking federal habeas review on this claim unless he demonstrates either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claim. See Coleman, 501 U.S. at 750.

As with his first claim, petitioner has neither demonstrated cause for the procedural

16

default and prejudice nor alleged that he is "actually innocent." Petitioner has made no showing

of cause.[3] Moreover, petitioner has not established prejudice, which is also required to excuse

procedural default. "To satisfy the prejudice prong, petitioner must show not merely a possibility

of prejudice, but that the alleged error worked to his actual and substantial disadvantage."

Cappiello, 698 F. Supp. at 1052 (internal quotation marks and citation omitted). Here, petitioner

is unable to show even a possibility of prejudice in light of Appellate Division's ruling that, "[i]n

any event, viewing the evidence in the light most favorable to the prosecution, we find that it was

legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt." People v.

Singleton, 708 N.Y.S.2d at 880.

Second, petitioner has not argued that failure to hear his claim will result in a

fundamental miscarriage of justice. Coleman, 501 U.S. at 752. The Supreme Court has stated

that a miscarriage of justice occurs in an "extraordinary" case as where a constitutional violation

has "probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at

322-24. Petitioner has not presented any new evidence; "'[t]o be credible,' a claim of actual

---

[3] As described in Section III(A), supra, a claim of ineffective assistance of counsel may establish cause for a procedural default. See, e.g., Edwards, 529 U.S. at 451.

In this case, petitioner does not appear to be claiming that ineffective assistance of counsel caused his procedural defect. Additionally, he did not properly present and exhaust his claim of ineffective assistance of trial counsel. Petitioner did attempt to raise the issue of trial counsel's ineffectiveness as evidenced by his failure to adequately raise claims of legal insufficiency of the evidence in his motion to vacate judgment under CPL § 440.10. However, the reviewing court found this claim procedurally barred due to petitioner's failure to raise it on direct appeal, since all alleged grounds for ineffective assistance of trial counsel were based on the record itself. People v. Singleton, Ind. No. 5479/94 (N.Y. Sup. Ct., June 29, 2001). Although petitioner's additional claim of ineffective assistance of appellate counsel could conceivably show "cause" excusing this procedural default, this court finds petitioner's claims of ineffective assistance of appellate counsel to be without merit as discussed below (Section III(E), infra) and therefore concludes that petitioner has not shown cause.

17

innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. at 559 (citing Schlup, 513 U.S. at 324)). Nor has the petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of the trial itself, such as violation of the right against double jeopardy. See Washington v. James, 996 F.2d at 1450.

Since petitioner can show neither cause for the procedural default and resulting prejudice, nor that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, petitioner's claim that there was insufficient evidence at trial to support his conviction shall be dismissed without reaching the merits. See Grey v. Hoke, 933 F.2d at 121.

### C. Failure of Trial Court to Charge Lesser Included Offenses

Petitioner also alleges that he was denied due process of law because the trial court erred in refusing to charge the jury on the lesser-included offenses of second degree manslaughter (reckless manslaughter) and criminally negligent homicide. New York Criminal Procedure Law § 300.50 requires that the trial court must, if requested by either party, "submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." N.Y. C.P.L. § 300.50(1), (2). At trial, petitioner's defense counsel requested that the judge charge the jury as to second degree manslaughter and criminally negligent homicide after the judge had finished instructing the jury. Trial Transcript, at 932-33. The judge refused to charge the jury as to these lesser included offenses, citing the fact that defense counsel's request was untimely and

18

his belief that "a reasonable view of the evidence does not show an intent to commit [manslaughter in the second degree or criminally negligent homicide]... The point blank of the heart is either intentional murder or depraved indifference murder." Id. at 933. This court rejects petitioner's claim that the trial court's failure to charge the lesser included offenses violated his right to due process because the state appellate court has already evaluated this claim on the merits, and the trial court's actions were not contrary to, nor did they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

Petitioner raised this claim on his direct appeal to the Appellate Division, Second Department. The Appellate Division considered this claim and ruled on the merits, finding that the trial court's refusal to instruct the jury as to the lesser included offenses requested by defense counsel was proper under New York State law. People v. Singleton, N.Y.S.2d at 880. Specifically, the Appellate Division held that "[t]here is no merit to the defendant's contention that the trial court erred in refusing to charge manslaughter in the second degree and criminally negligent homicide as lesser-included offenses of depraved indifference murder. There was no reasonable view of the evidence which would support a finding that the defendant committed either of the lesser offenses but not the greater." Id.

Applying the AEDPA standard of review, this court finds that the Appellate Division's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In Beck v. Alabama, the Supreme Court held that due process requires a trial court to submit jury instructions on lesser-included offenses in capital cases if the evidence warrants such a charge. 447 U.S. 625

19

(1980). However, both the Supreme Court and the Second Circuit have declined to extend this requirement to non-capital cases. See id. at 638 n.14; Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); Knapp v. Leonardo, 46 F.3d 170, 179 (2d Cir. 1995) ("Neither the Supreme Court nor this circuit has decided whether the failure to instruct a jury on lesser included offenses in noncapital cases is a constitutional issue that may be considered on a habeas petition."). In Jones v. Hoffman, the Second Circuit specifically declined to require a trial court to submit lesser-included offenses to juries in non-capital cases, noting that applying Beck to non-capital cases would "involve the announcement of a new rule" on habeas review, a result specifically barred by Teague v. Lane, 489 U.S. 288 (1989). Jones, 86 F.3d at 48. In Teague, the Supreme Court clearly stated that "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to all defendants on collateral review." 489 U.S. at 290-291. Therefore, this court finds that the trial court's failure to submit the lesser-included charges was not "contrary to," nor did it involve "an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, this claim for habeas corpus relief is denied.

### D. Ineffective Assistance of Trial Counsel

Petitioner also alleges that his rights to due process and effective assistance of counsel were violated by his trial counsel's failure to properly raise and adequately object to (1) the legal insufficiency of the evidence and (2) the trial court's failure to instruct the jury on the lesser included offenses of manslaughter in the second degree and criminally negligent homicide. This court may not review petitioner's claims of ineffective assistance of trial counsel because

they are procedurally defaulted, and petitioner has failed to demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims.

        (1)     Trial Counsel's Failure to Properly Raise & Adequately Object to Legal Insufficiency of the Evidence

Petitioner raised a claim of ineffective assistance of trial counsel in his Motion to Vacate Judgment under New York Criminal Procedure Law § 440.10, which was filed with the Supreme Court for the State of New York, Queens County on April 30, 2001 and amended on June 11, 2001. In this motion, petitioner alleged that his trial counsel had been ineffective for numerous reasons. Among the reasons listed was the first ground claimed here: trial counsel's failure to adequately object to the legal insufficiency of the evidence.

Judge Joseph Rosenzweig of the N.Y. Supreme Court considered petitioner's claim of ineffective assistance of counsel and found that it was procedurally barred under CPL § 440.10[2][c]. People v. Singleton, Ind. No. 5479/94 (N.Y. Sup. Ct., June 29, 2001). Judge Rosenzweig concluded that, because petitioner's claim regarding ineffective assistance of counsel pertained exclusively to matters of record, it could have been raised on direct appeal. Id. at 3. Petitioner's failure to raise this claim in his direct appeal therefore prevented him from raising it in a collateral attack. Id. After rejecting this claim on a procedural basis, Judge Rosenzweig noted that, if the ineffective assistance of counsel claim had not been procedurally barred, he would have rejected it on the merits because "it is abundantly clear that the defendant received effective assistance of counsel... [T]he evidence, the law, and the circumstances of this case, when viewed together at the time of representation, conclusively reveal that the defendant

21

was provided with meaningful representation of counsel at both pretrial and at trial levels."
Id. at 4.

Because petitioner's claim of ineffective assistance of trial counsel for failing to adequately object to the legal sufficiency of the evidence was rejected on an adequate and independent state procedural ground, this court cannot review this claim unless petitioner demonstrates either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims. See Coleman, 501 U.S. at 750. As described above, a petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Petitioner has made no such showing.[4] Moreover, petitioner has not established prejudice, which is also required to excuse procedural default. Here, petitioner is completely unable to show that "the alleged error worked to his actual and substantial disadvantage." Cappiello, 698 F. Supp. at 1052. After declaring this claim procedurally barred, Judge Rosenzweig noted that "in any event... it is abundantly clear that the

_____

[4] As discussed in Section III(A) and footnote 3, supra, a claim of ineffective assistance of counsel may establish cause for a procedural default. See, e.g., Edwards, 529 U.S. at 451.

Petitioner claims that cause is demonstrated by his allegations – both here and in his coram nobis petition – that appellate counsel was ineffective for her failure to preserve the issue of trial counsel's ineffectiveness for not raising the legal insufficiency of the evidence. Petitioner's Traverse, at 49. Petitioner did exhaust this claim in state court, by way of his coram nobis petition. Singleton Affidavit in Support of Motion for Writ of Error Coram Nobis, People v. Singleton, Ind. No. 5479/94, May 8, 2003. In evaluating petitioner's coram nobis petition, the Appellate Division ruled that petitioner failed to show that he was denied the effective assistance of appellate counsel. Decision & Order, People v. Singleton, Ind. Nos. 4832/90, 1197/91, and 5479/94 (N.Y. App. Div., 2d Dept., Sept. 15, 2003).

Because this court similarly finds petitioner's claims of ineffective assistance of appellate counsel to be without merit as discussed below (Section III(E), infra), I conclude that petitioner has not shown cause.

22

defendant received effective assistance of counsel... [A]t both the close of the People's case and at the close of the entire case, Defense Counsel made various appropriate and relevant legal arguments supporting dismissal of the charges; indeed, subsequent to such argument, the People withdrew a count of the indictment." People v. Singleton, Ind. No. 5479/94 (N.Y. Sup. Ct., June 29, 2001), at 4. Similarly, petitioner has not argued that failure to hear his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 752. Petitioner has neither presented any new evidence suggesting that he is innocent, nor pointed to errors which call into question the validity of the trial itself. See Schlup, 513 U.S. at 322-24; Washington v. James, 996 F.2d at 1450.

Since petitioner can show neither cause for the procedural default and resulting prejudice, nor that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, petitioner's claim that he was denied ineffective assistance of counsel due to trial counsel's failure to adequately raise and object to the legal insufficiency of the evidence shall be dismissed without reaching the merits. See Grey v. Hoke, 933 F.2d at 121.

(2)     Trial Counsel's Failure to Properly Raise & Adequately Object to the Trial Court's Failure to Instruct the Jury as to Lesser-Included Offenses

Although petitioner raised numerous issues relating to trial counsel's alleged ineffectiveness in his 440.10 motion, he failed to specifically allege that trial counsel was ineffective for failing to properly raise and adequately object to the trial court's failure to instruct the jury as to lesser-included offenses of second-degree manslaughter and criminally negligent homicide. Therefore, this claim is unexhausted. Because petitioner's allegations relate to claims

23

which could be determined on the record, petitioner should have brought this claim on direct appeal. Further direct review by the Court of Appeals is no longer available. See N.Y. Rules of Court, Court of Appeals, § 500.10(a) (authorizing only one request for review of conviction). Petitioner's failure to have raised the claim on direct review now forecloses further collateral review in state court. See N.Y. Crim. Proc. Law § 440.10(2)(c) (barring review if claim could have been raised on direct review). This court therefore deems this claim exhausted and procedurally barred. In the case of procedural default, we may reach the merits of the claim "only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Jones v. Keane, 329 F.3d 290, 296 (2d Cir. 2003) (quoting Bousley v. U.S., 523 U.S. 614, 622 (1998)).

Petitioner has established neither cause for this procedural default and prejudice resulting therefrom nor that a miscarriage of justice would result from the court's refusal to consider his claim. In addition, this claim is without merit. On direct appeal, petitioner argued that the trial court's failure to instruct the jury as to these lesser-included offenses denied him due process of law. The Appellate Division determined that the court's refusal to charge the lesser-included offenses had been properly raised by the trial counsel, as they found that the claim was adequately preserved for appellate review. People v. Singleton, N.Y.S.2d at 880. Therefore, petitioner's claim that trial counsel failed to preserve this argument is without merit. Additionally, even if counsel had failed to preserve the claim, petitioner would not have suffered any prejudice since the Appellate Division, ruling on the merits, found that the trial court's refusal to instruct the jury as to the lesser included offenses requested by defense counsel was proper under New York State law because "[t]here was no reasonable view of the evidence

24

which would support a finding that the defendant committed either of the lesser offenses but not the greater." Id. Therefore, petitioner's claim that trial counsel was ineffective for failing to properly raise and adequately object to the trial court's failure to charge the lesser included offenses is dismissed.

### E.  Ineffective Assistance of Appellate Counsel

Finally, petitioner alleges that his rights to due process and effective assistance of counsel were violated by appellate counsel's failure to brief two issues, which, if briefed, would have required reversal of his conviction:

(1) the conflation of depraved indifference murder and reckless manslaughter under New York state law violated petitioner's right to due process of law, and

(2) petitioner's right to due process of law and effective assistance of counsel were violated by trial counsel's failure to properly raise and adequately object to
(a) the failure of the prosecution to prove every essential element of the crime charged beyond a reasonable doubt (legal insufficiency of the evidence) and
(b) the trial court's failure to instruct the jury on the lesser included offenses.

This court rejects petitioner's claims of ineffective assistance of appellate counsel under the AEDPA standard because the state appellate court evaluated these claims on the merits, and its holding was not an unreasonable application of clearly established federal law.

Petitioner raised the same claims of ineffective assistance of appellate counsel in his application for writ of error coram nobis, which was filed with the Appellate Division, Second Judicial Department on May 8, 2003. The Appellate Division denied petitioner's application for writ of error coram nobis, stating that "[t]he appellant has failed to establish that he was denied the effective assistance of appellate counsel." Decision & Order, People v. Singleton, Ind. Nos.

4832/90, 1197/91, and 5479/94 (N.Y. App. Div., 2d Dept., Sept. 15, 2003).

Before the enactment of AEDPA, federal habeas courts reviewed all ineffective assistance of counsel claims <u>de novo</u>. However, as noted above, AEDPA amended the law to mandate deference to state court decisions that adjudicate a petitioner's claims on the merits. 28 U.S.C. § 2254(d). A state court decision is an "adjudication on the merits" requiring application of the deferential AEDPA standard of review even when it does not explicitly refer to the federal claim or discuss the reasoning for its decision, as long as it finally resolves a party's claims and is based on the substance of the claim advanced, rather than on a procedural ground. <u>Sellan</u>, 261 F.3d at 311. In this case, the Appellate Division relied on substantive, rather than procedural, grounds to decide petitioner's application for writ of coram nobis relating to ineffective assistance of appellate counsel. Thus, this holding is an adjudication on the merits and should not be overturned unless it was "an unreasonable application of clearly established federal law." <u>See</u> 28 U.S.C. § 2254(d)(1); <u>Grace v. Artuz</u>, 258 F. Supp. 2d 162, 174 (E.D.N.Y. 2003) (applying AEDPA standard of review where the Appellate Division had denied coram nobis petition using the same language).

<u>Strickland v. Washington</u> requires a petitioner claiming ineffective assistance of counsel to show that (1) counsel's performance "fell below an objective standard of reasonableness," as measured under "prevailing professional norms," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-89 (1984). Although the <u>Strickland</u> test was formulated in the context of an ineffective assistance of trial counsel claim, the same test is used with respect to claims of ineffective appellate counsel. <u>See</u> <u>Claudio v. Scully</u>, 982 F.2d 798, 803

26

(2d Cir. 1992). Under AEDPA, a state habeas petitioner claiming ineffective assistance of counsel must show that the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002); <u>Aparicio</u>, 269 F.3d at 99 ("Under AEDPA we inquire only whether the Appellate Division's rejection of this claim amounted to an unreasonable application of <u>Strickland</u>.").

Petitioner alleges that his appellate counsel was ineffective due to appellate counsel's failure to brief two issues which petitioner believes, if briefed, would have required the reversal of his conviction. First, petitioner faults appellate counsel's failure to argue that his due process rights were violated by the conflation of depraved indifference murder and reckless manslaughter under New York state law. Second, petitioner claims that appellate counsel was ineffective due to her failure to brief the issues of ineffective assistance of trial counsel that petitioner has raised in this habeas petition. <u>See</u> Section III(D), <u>supra</u>. This court must dismiss petitioner's claims of ineffective assistance of appellate counsel because petitioner is unable to show that Appellate Division, in reviewing his coram nobis petition, applied <u>Strickland</u> in an objectively unreasonable manner. <u>See, e.g.</u> <u>Bell v. Cone</u>, 535 U.S. at 698-99.

In analyzing a claim that counsel's performance fell short of constitutional standards, it is not enough for a petitioner to show that his appellate counsel omitted a non-frivolous argument. <u>Aparicio</u>, 269 F.3d at 95. Instead, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. As explained by the Supreme Court,

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments

27

support the limitations on investigation.

Id. at 690-91. Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices.'" Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). Thus, a petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy. See Jones v. Barnes, 463 U.S. 745, 752 (1983) (explaining that an indigent appellant does not have the right to compel appointed counsel to press every non-frivolous point on appeal and recognizing 'the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review"); Mayo, 13 F.3d at 533 ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made."). Finally, even if an attorney's performance were objectively unreasonable and unprofessional, the petitioner must still prove prejudice. That is, the petitioner must show "'a reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" Aparicio, 269 F.3d at 95 (quoting Strickland, 466 U.S. at 694).

The Appellate Division's ruling that appellate counsel was not ineffective because she failed to argue that New York state law unconstitutionally conflates depraved indifference murder and reckless manslaughter was not an unreasonable application of the Strickland standard. As petitioner himself acknowledges, counsel did not have a duty to raise every non-frivolous argument that could possibly be made. Petitioner's Traverse, at 38 (citing Jones v. Barnes, 463 U.S. at 754); see also Mayo, 13 F.3d at 533. Appellate counsel's choice not to raise

28

this issue was well within the bounds of "objectively reasonable conduct" as measured under "prevailing professional norms." Strickland, 466 U.S. at 687-89.

More specifically, as the government notes, appellate counsel certainly cannot be faulted for failing to raise a ground that had been rejected by the state's highest court. Affidavit & Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus, People v. Singleton (April 15, 2005) at 46. Challenges to appellate counsel's effectiveness are viewed in light of the law existing at the time counsel was required to file the brief on appeal. Id. at 43 (citing Smith v. Murray, 477 U.S. 527, 536 (1986)). As discussed above, at the time of petitioner's appeal, the New York Court of Appeals had considered and rejected challenges to the vagueness of the depraved indifference murder statute. People v. Cole, 85 N.Y.2d at 992 (finding that the depraved indifference murder statute was not unconstitutionally vague because (1) "conduct with 'depraved indifference' to 'human life'... is the kind of [conduct] which has been rather well understood" and (2) the statute specifically delineates the types and levels of risks that are to be avoided).

In his reply to the government's opposition to his petition, petitioner claims that the government "misstates the nature of petitioner's claim in order to support its argument that appellate counsel omitted such for tactical reasons." Petitioner's Traverse, at 39. Petitioner alleges that the claim he thinks appellate counsel should have brought was actually the argument that there is an "unconstitutional disparity in punishment resulting from the State's conflation of depraved indifference murder with reckless manslaughter." Id. According to petitioner, this claim "is a novel issue which have [sic] never before been presented before the State Court." Id. It is appellate counsel's failure to brief this "novel issue" that petitioner believes supports his

claim of ineffective assistance. Under the Strickland standard, however, this court cannot conclude that appellate counsel was ineffective due to her failure to present a new and unique challenge to the constitutionality of a state statute. Appellate counsel is not required to "forecast changes or advances in the law." Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir. 1994). Therefore, her failure to raise even a potentially valid new challenge to the constitutionality of the state statute certainly does not permit this court to find that her representation did not constitute "objectively reasonable conduct" as measured under "prevailing professional norms." Strickland, 466 U.S. at 687-89.

Similarly, the Appellate Division's ruling that appellate counsel's failure to brief the issues of ineffectiveness of trial counsel did not amount to ineffective assistance of counsel was also not an unreasonable application of the federal standard articulated in Strickland. As discussed above, the second ground on which petitioner claims that appellate counsel should have argued ineffective assistance of trial counsel – that trial counsel failed to properly raise and adequately object to the trial court's failure to charge the lesser-included offenses – is completely without merit, since the Appellate Division determined on direct appeal that trial counsel had in fact properly raised and adequately objected to this issue. People v. Singleton, N.Y.S.2d at 880. Appellate counsel clearly cannot be considered ineffective for failing to make a meritless argument on appeal. See, e.g., Aparicio, 269 F.3d at 99 (finding that failure to include a meritless argument "does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled."). Appellate counsel's strategic decision to omit this claim in favor of claims that she believed were stronger does not constitute performance "below an objective standard of reasonableness," and therefore does not violate the Strickland standard.

30

Strickland, 466 U.S. at 687-89.

Appellate counsel was similarly acting well within the bounds of professional competence when she choose not to raise petitioner's other complaint about trial counsel's performance – that trial counsel failed to properly raise and adequately object to the legal insufficiency of the evidence. Her performance did not fall below an objective standard of reasonableness simply because she failed to argue one issue that petitioner wished to raise. See, e.g., Mayo, 13 F.3d at 533. Additionally, petitioner is wholly unable to demonstrate the second prong of the Strickland standard, that appellate counsel's failure to raise this issue prejudiced his defense. Strickland, 466 U.S. at 694. After concluding that petitioner's ineffective assistance of trial counsel claim was procedurally barred, Judge Rosenzweig noted that

> in any event... it is abundantly clear that the defendant received effective assistance of counsel... [A]t both the close of the People's case and at the close of the entire case, Defense Counsel made various appropriate and relevant legal arguments supporting dismissal of the charges; indeed, subsequent to such argument, the People withdrew a count of the indictment."

People v. Singleton, Ind. No. 5479/94 (N.Y. Sup. Ct., June 29, 2001), at 4.

Since petitioner was unable to demonstrate that appellate counsel's performance "fell below an objective standard of reasonableness," as measured under "prevailing professional norms," or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," the Appellate Division's rejection of these claims in petitioner's application for writ of coram nobis was clearly neither contrary to nor an unreasonable application of Supreme Court precedent. Strickland, 466 U.S. at 687-89. Therefore, habeas relief is denied on this claim.

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: January 4, 2006
      Brooklyn, New York

**Service List:**

**Petitioner**
Reginal Singleton
#97A4802
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929


**Respondent's Attorneys**
Johnnette Traill
Queens County District Attorney's
125-01 Queens Boulevard
Kew Gardens, NY 11415

Traci R. Wilkerson
Queens County District Atty's Office
125-01 Queens Boulevard
Kew Gardens, NY 11415